IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HUGH KEANE, deceased, by <br> SANDRA KEANE, Executrix and Personal <br> Representative of the Estate of <br> Hugh Keane, <br><br> Plaintiff, <br><br> v. <br><br> J. C. PENNEY CORPORATION, INC., <br><br> Defendant. | Case No. 3:06-CV-698 (AWT) <br><br><br> June 21, 2007 |

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant J.C. Penney Corporation, Inc., ("JCPenney"), by counsel, pursuant to Fed.R.Civ.P. 12(h)(3), moves this Court to dismiss the Complaint of Plaintiff Hugh Keane, deceased, by Sandra Keane, Executrix and Personal Representative of the Estate of Hugh Keane ("Plaintiff") and states as follows:

This Motion presents the Court with a single issue:

May Ms. Keane pursue this case when she had not been appointed husband's administrator or executor a) at the time she filed a charge with the CHRO; b) at the time she filed this lawsuit; or c) as of the date of her deposition?

Plaintiff "Hugh Keane, deceased" was a Catalog Maintenance Technician associate for JCPenney at its Manchester Catalog Logistics Center. JCPenney terminated Mr. Keane's employment on September 17, 2004. Mr. Keane died on February 22, 2005. Sandra Keane, as the purported "Executrix and Personal Representative of the Estate of Hugh Keane," then filed a CHRO charge on March 9, 2005, and later sued JCPenney in this matter alleging violation of the

*ORAL ARGUMENT NOT REQUESTED*

Americans with Disabilities Act, Age Discrimination in Employment Act of 1967 and the Connecticut Fair Employment Practices Act.

JCPenney moves to dismiss this case under Federal Rule of Civil Procedure 12(h)(3) because the Court lacks subject matter jurisdiction of this matter. Ms. Keane purports to have a legal basis for suing on her dead husband's behalf. This is not correct, since Ms. Keane testified in her deposition that Mr. Keane died intestate, and that she has never been appointed as the administrator of his estate. Thus, Ms. Keane lacks the ability to sue and the Court should dismiss this Complaint for lack of subject matter jurisdiction.

For this reason, as detailed in JCPenney's Brief in support of this Motion, which is incorporated fully herein, JCPenney respectfully requests that this case be dismissed and for such other and further relief to which JCPenney is justly entitled.

Respectfully submitted,

J.C. PENNEY CORPORATION, INC.

By: _____
Celeste d. Flippen, Esq. (pro hac vice)
Legal Department
6501 Legacy Drive
Plano, Texas 75024-1122
(214) 431-1262


SIEGEL, O'CONNOR, O'DONNELL,
& BECK, P.C.
Peter A. Janus, Esq.
Federal Bar No. ct06309
150 Trumbull Street
Hartford, CT 06103
(860) 727-8900

ATTORNEYS FOR DEFENDANT

2

## CERTIFICATE OF SERVICE

    I, Peter Janus, hereby affirm that, on this 21st day of June, 2007, a copy of this Defendant's Motion to Dismiss Complaint was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        Katalin A. Demitrus, Esq.
        Madsen, Prestley & Parenteau, LLC
        44 Capitol Ave., Suite 201
        Hartford, CT  06106

_____
Peter Janus